UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

STEVEN LIND, as Administrator of the Estate of
DAVID LIND, Deceased,

        Plaintiff                                  **COMPLAINT**
                                                         Civil Action No.: 1:20-CV-0574 (GLS/DJS)
    - against -                                 PLAINTIFF DEMANDS
                                                         TRIAL BY JURY

UNITED STATES OF AMERICA,

        Defendant.
_____

        The plaintiff, Steven Lind, as Administrator of the Estate of David Lind, Deceased, by and through his attorneys, LaMarche Safranko Law, PLLC, complaining of the defendant, alleges as follows:

        1.        This action arises under the Federal Tort Claims Act, 28 U.S.C. §1346(b). This action arises out of the acts or omissions of the defendant within the Northern District of New York.

        2.        On or about March 21, 2019 a fully executed Form SF-95 was filed with the United States Department of Health and Human Services, Office of General Counsel, an agency of the defendant, on behalf of the plaintiff.

        3.        The United Stated Department of Health and Human Services, Office of General Counsel, has denied the plaintiff's claim and this suit is timely commenced based upon the date of said denial, December 5, 2019.

        4.        At all times relevant, the plaintiff was a resident of Melbourne, County of Brevard and State of Florida.

5. At the time of his death, the decedent was residing in Lake Katrine, County of Ulster and State of New York, the same being in the Northern District of New York.

6. On June 24, 2019, subsequent to the death of the decedent and prior to the commencement of this action, the plaintiff was appointed Administrator of the Estate of the decedent by the Ulster County Surrogate's Court in Kingston, New York and was granted Letters of Administration and is now acting in that capacity and qualified to maintain this action.

7. At all times relevant The Institute For Family Health was and is a federally-qualified community health center that received funding from the United States Department of Health and Human Services.

8. At all times relevant, The Institute For Family Health operated, maintained and managed the Kingston Family Health Center, in Kingston, in the County of Ulster and State of New York for the diagnosis, examination, care, evaluation, management and treatment of all sick, ill and injured persons, including the decedent, David Lind.

9. At all times relevant, the defendant, for the purposes of maintaining The Institute For Family Health, hired, employed, and had under its direction, control, supervision and management various nurses, physicians, physician's assistants, nurse practitioners, specialists, and other medical staff and personnel who were and are engaged in the occupation and business of providing examination, care, diagnosis, prescription, treatment and other necessary medical attention for the diseased, ill, sick, or injured and the defendant had and provided the facilities, equipment, medication, personnel and modalities therefore. These medical personnel and providers were and are agents, servants and/or employees of the defendant.

10. At all times relevant, the defendant expressly and/or impliedly represented said physicians, nurses, and other medical staff to the general public, including the plaintiff and the

plaintiff's decedent herein to be competent, qualified and skilled personnel capable of and qualified to properly, adequately and timely diagnose disease and/or illness, injury or other pathological conditions and to administer prompt and appropriate care and treatment therefore and to otherwise act in accord with accepted and approved medical standards of care relating to the practice of medicine and any specialties thereof.

11. At all times relevant, the decedent was a regular patient of the defendant, receiving general and primary care from the defendant at The Institute For Family Health, including medical treatment, proper diagnosis and monitoring.

12. At all times relevant, Diane Wolff, a nurse practitioner, was an employee, agent, and/or servant of The Institute For Family Health.

13. At all times relevant, Diane Wolff, was a nurse practitioner practicing medicine at The Institute For Family Health, and at all times relevant was acting in the course and scope of her employment.

14. At all times relevant, Phillip Weiss, M.D., was an employee, agent, and/or servant of The Institute For Family Health.

15. At all times relevant, Phillip Weiss, M.D., was a physician practicing medicine at The Institute For Family Health, and at all times relevant was acting in the course and scope of his employment.

16. At all times relevant, William Bakey, a physician's assistant, was an employee, agent, and/or servant of The Institute For Family Health.

17. At all times relevant, William Bakey, was a physician's assistant practicing medicine at The Institute For Family Health, and at all times relevant was acting in the course and scope of his employment.

18.     At all times relevant, Wesley Ho, M.D., was an employee, agent, and/or servant of The Institute For Family Health.

19.     At all times relevant, Wesley Ho, M.D., was a physician practicing medicine at The Institute For Family Health, and at all times relevant was acting in the course and scope of his employment.

20.     On March 31, 2017, Dianne Wolff, nurse practitioner, abruptly discontinued decedent's prescription for Clozaril.

21.     Following the discontinuance of decedent's prescription medication, Dianne Wolff, nurse practitioner, Phillip Weiss, M.D., William Bakey, physician's assistant, and Wesley Ho, M.D. failed to render proper medical care to decedent who experienced severe and life-threatening symptoms of withdrawal.

22.     As a result of the improper assessment, diagnosis, management, and/or treatment of David S. Lind, he experienced a severe reaction caused by medication withdrawal, including: lock jaw, severe sweating, trouble swallowing, confusion, tremors, tongue rolling, increased salivation, drooling, bulging eyes, restlessness, decreased appetite and unsteady gait. Ultimately this withdrawal led to his untimely death on April 7, 2017.

**AS AND FOR A FIRST,
SEPARATE AND DISTINCT CAUSE OF ACTION FOR PAIN AND SUFFERING:**

23.     The plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "22" as if fully set forth herein.

24.     It was the duty of the defendant, through its medical providers, as aforedescribed, to properly assess, diagnose, monitor, and/or treat decedents and decedent's condition(s).

25. The defendant, through its medical providers, as aforedescribed, breached its duty of care to decedent by failing to properly assess, diagnose, monitor, and/or treat decedent's condition.

26. As a result of the negligence, carelessness, and/or recklessness of the defendant, the decedent sustained certain injuries, conscious mental and physical pain, suffering, and anguish, and was damaged thereby.

27. By reason of the foregoing as well as the injuries and pain and suffering sustained by the decedent, plaintiff has been substantially damaged and demands judgment against the defendant and is entitled to $1,500,000.00.

## AS AND FOR A SECOND, SEPARATE AND DISTINCT CAUSE OF ACTION FOR WRONGFUL DEATH:

28. The plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "28" as if fully set forth herein.

29. As a result of the negligence of the defendant, the decedent died.

30. The decedent's aggravated and deteriorated condition and subsequent death and all injuries related thereto was caused solely by the negligence of the defendant.

31. At the time of his death, the decedent left surviving the plaintiff Administrator and next-of-kin and that by virtue of his death, they have suffered pecuniary damage. In addition, substantial funeral and burial expenses have been incurred, all to the monetary damage and loss of the decedent's distributees.

32. By reason of the wrongful death of the decedent and the foregoing, the plaintiff has been substantially damaged and demands judgment against the defendant in the sum of $500,000.00.

WHEREFORE, the plaintiff demands judgment against the defendant in the manner, form and amounts recited, together with the costs and disbursements of the action.

Dated: May 26, 2020

*George E. LaMarche*
_____
LAMARCHE SAFRANKO LAW, PLLC
By: George E. LaMarche III, Esq.
Bar Roll No.: 105638
Attorneys for Plaintiff
210 Washington Avenue Extension
Suite 102
Albany, NY 12203
(518) 982-0770
glamarche@LSLawNY.com