UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

STEVEN LIND, as Administrator of the Estate of
DAVID LIND, Deceased,

                        Plaintiff,

                                                               1:20-cv-00574 (AMN/DJS)

   v.

UNITED STATES OF AMERICA,

                        Defendant.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **LAMARCHE SAFRANKO LAW PLLC**<br>987 New Loudon Road<br>Cohoes, New York 12047<br>*Attorneys for Plaintiff* | **GEORGE E. LAMARCHE, III, ESQ.**<br>**NICHOLAS J. EVANOVICH, III, ESQ.**<br>**LILY G. KILLAR, ESQ.** |
| **HON. CARLA FREEDMAN**<br>United States Attorney for the<br>Northern District of New York<br>James T. Foley U.S. Courthouse<br>445 Broadway, Room 218<br>Albany, New York 12207 | **CATHLEEN B. CLARK, ESQ.** |
| 100 South Clinton Street, Suite 9000<br>Syracuse, New York 13261<br>*Attorneys for Defendant* | **EMER M. STACK, ESQ.** |

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.  INTRODUCTION

On May 26, 2020, Steven Lind ("Plaintiff"), as administrator of the estate of David Lind ("Mr. Lind"), commenced this medical malpractice action against the United States of America ("Defendant") under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.* ("FTCA"),

seeking $2 million in damages for the April 7, 2017 death of his son following medical care at the Institute for Family Health ("IFH"). Dkt. No. 1 ("Complaint"). The Court held a two-day bench trial, from August 5–6, 2024, on Plaintiff's medical malpractice claim against one employee of IFH.[1] On November 7, 2024, the Court issued findings of fact and conclusions of law in accordance with Rule 52(a) of the Federal Rules of Civil Procedure and entered judgment in Defendant's favor. Dkt. Nos. 70–71.

Presently before the Court is Defendant's motion for a Bill of Costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure ("Rule 54(d)"), seeking a total of $4,322.24 in costs associated with defending this action. Dkt. No. 72 ("Motion"). Plaintiff opposes Defendant's Motion, Dkt. No. 73, and Defendant filed reply papers in further support, Dkt. No. 74.

For the reasons set forth below, Defendant's Motion is granted.

## II.     STANDARD OF REVIEW

Rule 54(d)(1) provides that "costs other than attorney's fees should be allowed . . . to the prevailing party unless the court directs otherwise." *Sacco v. Daimler Chrysler Corp.*, No. 05-cv-1435, 2008 WL 2858652, at *1 (N.D.N.Y. July 22, 2008) (alteration in original) (citation omitted). The costs that may be awarded to a prevailing party are set forth in 28 U.S.C. § 1920 ("Section 1920"). *See Gallagher v. IBEW Local Union No. 43*, No. 00-cv-1161, 2008 WL 5191691, at *1 (N.D.N.Y. Dec. 10, 2008). Section 1920 states, in relevant part:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where

---

[1] The Court previously dismissed the balance of Plaintiff's medical malpractice claims at summary judgment. Dkt. No. 38.

>    the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

In civil litigation, awarding costs to the prevailing party is the rule—not the exception. *See Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001), *abrogated on other grounds by Bruce v. Samuels*, 577 U.S. 82 (2016). Therefore, "the losing party has the burden to show that costs should not be imposed; for example, costs may be denied because of misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources." *Id.* (citations omitted). "The decision to award costs to a prevailing party under Rule 54(d)(1) rests within the sound discretion of the district court." *McEachin v. Goord*, No. 01-cv-0259, 2007 WL 1571981, at *1 (N.D.N.Y. May 25, 2007) (citation omitted).

## III.    DISCUSSION

Defendant seeks $4,322.24 in costs relating to deposition transcripts, witness fees, exemplification and copying fees, and a docket fee. Dkt. No. 72. Plaintiff objects and argues that equitable considerations weigh in favor of denying this request or, alternatively, reducing the request by an unspecified amount. Dkt. No. 73. In particular, Plaintiff's counsel asserts that Plaintiff is a retiree with limited means, and that this litigation is "a matter of public importance" which Plaintiff pursued "with utmost good faith." *Id.* at 1.[2] In reply, Defendant primarily argues that (i) Plaintiff's opposition does not overcome the presumption that the prevailing party is entitled to costs, and (ii) equitable considerations actually weigh in favor of taxing the "narrowly

---

[2] Citations to docket entries utilize the pagination generated by CM/ECF, the court's electronic filing system, and not the documents' internal pagination.

tailored," "modest," and "reasonable" costs Defendant requests. Dkt. No. 74 at 1. Supported by contemporaneous correspondence, Defendant also notes that in the months leading up to trial, "the United States offered Plaintiff an opportunity to resolve the case short of trial and repeatedly indicated that if the trial ended in a ruling for the government, the United States would seek costs under Rule 54(d)." *Id.* at 1; *see also* Dkt. Nos. 74-1, 74-2.

In the main, the Court agrees with Defendant. "[B]ecause Rule 54(d) allows costs 'as of course,' such an award against the losing party is the normal rule obtaining in civil litigation, not an exception." *Whitfield*, 241 F.3d at 270 (quoting *Mercy v. Cnty. of Suffolk*, 748 F.3d 52, 54 (2d Cir. 1984)). As described below, Plaintiff's objections on equitable grounds do not satisfy his burden of showing that the usual rule should not apply here.

    A. **Plaintiff's Objections**

        1. **Financial means**

The Court has no reason to doubt that Plaintiff has relatively modest means, given his retirement following a decades-long career as an educator. Dkt. No. 70 at ¶ 1. But Plaintiff's retained counsel submitted nothing to support their characterization that Plaintiff is "of limited means," much less that he is indigent. Dkt. No. 73 at 4. Generally, "[a] plaintiff must provide documentary support of his financial hardship rather than conclusory statements summarizing his financial situation." *Mayanduenas v. Bigelow*, No. 18-cv-1161, 2024 WL 1345514, at *3 (N.D.N.Y. Mar. 29, 2024) (quoting *Rowell v. City of New York*, No. 16-cv-6598, 2022 WL 627762, at *1 (S.D.N.Y. Mar. 3, 2022)); *see also Gyllenhammer v. Am. Nat'l Red Cross*, No. 15-cv-01143, 2019 WL 175122, at *4 (N.D.N.Y. Jan. 11, 2019) (noting that "a losing party 'relying on indigency must make a 'strong showing of financial hardship' before a court will decline to award costs'") (quoting *Jackson v. Time Warner Cable Admin. LLC*, No. 16-cv-8639, 2018 WL 5729295, at *2

4

(S.D.N.Y. Nov. 1, 2018)); *Cutie v. Sheehan*, No. 11-cv-66, 2016 WL 3661395, at *3 (N.D.N.Y. July 5, 2016) ("[T]he party asserting a lack of funds must demonstrate his indigency.") (quoting *McGuigan v. CAE Link Corp.*, 155 F.R.D. 31, 34 (N.D.N.Y. 1994)) (additional citation omitted); *Grill v. Philip Morris USA Inc.*, No. 05-cv-9174, 2011 WL 13557330, at *2 (S.D.N.Y. Oct. 18, 2011) ("Plaintiff here has demonstrated only a financial disparity, not indigency.  I therefore decline to deny costs to [defendant] on that basis.") (citations omitted).  And even if Plaintiff's retained counsel had established Plaintiff's indigency, "[t]here is also widespread agreement among the courts of appeals that indigency *per se* does not preclude an award of costs[.]" *Caravalho v. City of New York*, No. 13-cv-4174, 2018 WL 5312886, at *3 (S.D.N.Y. Oct. 26, 2018) (quoting *Whitfield*, 241 F.3d at 273) (additional citations omitted).

   2. **Public importance**

Plaintiff's generalized argument relating to public importance is unpersuasive.  Dkt. No. 73 at 3.  The significance of Mr. Lind's death is readily apparent to the Court, in part from having observed Plaintiff's testimony during trial.  Similarly significant are allegations of medical malpractice at IFH, "a deemed federal employee of the Public Health Service under the Federally Supported Health Centers Assistance Act" "that operates in New York State and provides care for patients regardless of age, sex, gender, or ability to pay."  Dkt. No. 70 at ¶¶ 4, 3.  But Plaintiff offers no authority for the ensuing proposition that costs should not be awarded to the federal government when it is the prevailing party in a civil action.  *Accord Karmel v. City of New York*, No. 00-cv-9063, 2008 WL 216929, at *2 (S.D.N.Y. Jan. 9, 2008) ("[P]laintiff . . . simply argues that the disparity in wealth between him and the Government should preclude the awarding of costs.  On this unprecedented theory, the Government would never obtain costs.")  (alterations in original) (quoting *Graber v. United States*, No. 01-cv-1269, 2003 WL 22743085, at *1 (S.D.N.Y.

Nov. 20, 2003)). The defense of civil litigation by the federal government results in "real costs—costs for which no recovery has or can be sought" and is "paid for by taxpayers." *Martin v. Ashcroft*, No. 96-cv-7646, 2002 WL 31119434, at *1 (S.D.N.Y. Sept. 24, 2002). As Defendant notes, the requested amount here "represents a small fraction of the costs and resources the government expended in defending this lawsuit" since 2020. Dkt. No. 74 at 8. Given that, awarding these costs would not be inequitable.

Despite Plaintiff's contention otherwise, Dkt. No. 73 at 3–4, the possibility of costs in this particular case also did not "erect an undue barrier to litigation." *Williams v. Artic Cat, Inc.*, No. 11-cv-445, 2014 WL 4105286, at *3 (N.D.N.Y. Aug. 20, 2014). Indeed, even after several years of litigation, Defendant offered to forgo seeking costs if Plaintiff resolved the matter in advance of trial. Dkt. No. 74-1.

### 3. Misconduct and Good Faith

As to misconduct by the prevailing party, "plaintiff fully acknowledges that there was no misconduct by the defendant[]." Dkt. No. 73 at 2.

Similarly, the Court does not question Plaintiff's good faith in maintaining this action through trial. Defendant does not argue otherwise. *See generally* Dkt. No. 74. As discussed above, however, the balance of Plaintiff's arguments have been rejected and "[g]ood faith and the absence of frivolous claims, by themselves, do not require a district court to deny costs." *Gyllenhammer*, 2019 WL 175122, at *4 (quoting *Whitfield*, 241 F.3d at 272–73); *see also Ahmad v. East Ramapo Cent. Sch. Dist.*, No. 09-cv-1440, 2018 WL 3222543, at *3 (S.D.N.Y. July 2, 2018) ("Good faith by itself does not require a district court to deny costs, since all parties to a federal action have an obligation to act in good faith.") (quoting *Dejesus v. Starr Tech. Risks Agency, Inc.*, No. 03-cv-1298, 2005 WL 957389, at *2 (S.D.N.Y. Apr. 25, 2005)).

6

For all these reasons, the Court determines to award the requested costs.[3]

### B. Specific Costs

Beyond his equitable arguments, Plaintiff offers no specific objection to any of the requested $4,322.24 in costs. *See generally* Dkt. No. 73. The Court thus proceeds to review these costs.

#### 1. Transcript fees

Defendant requests $2,786.80 in fees for transcripts from four witnesses: two experts who testified at trial, a third expert whose testimony was precluded at summary judgment, and plaintiff. Dkt. No. 72-1 at ¶¶ 4–11. As a general matter, "the reasonable costs of transcribing depositions are properly taxed in favor of the prevailing party." *Green v. Venettozzi*, No. 14-cv-1215, 2019 WL 4508927, at *1 (N.D.N.Y. Sept. 19, 2019) (citation omitted). Defendant's request for costs in the amount of $2,786.80 for these necessary transcript fees is thus granted. *See United States District Court for the Northern District of New York Guidelines for Bills of Costs* ("Guidelines") § II(D)(1)(c)–(d), (f), https:www.nynd.uscourts.gov/sites/nynd/files/Guidelines_Bill_of_Costs_091021.pdf (last visited February 7, 2025).

#### 2. Witness fees

Defendant requests $1,219.94 in fees for two witnesses who were deposed and subsequently testified at trial: (i) $200.00 in statutory witness fees for attendance at depositions and trial; (ii) $114.00 for subsistence; and (iii) $905.94 for travel. Dkt. No. 71 at 1; Dkt. No. 72-1 at ¶¶ 12–24; *see also* 28 U.S.C. § 1821(b)–(d); *New Skete Farms, Inc. v. Murray*, No. 06-cv-486, 2009 WL 10680320, at *3 (N.D.N.Y. Apr. 3, 2009) ("A prevailing party may recover its witness

---

[3] Moreover, and as set forth by Defendant, there are also equitable considerations that favor awarding the requested costs. *See* Dkt. No. 74 at 8–9.

costs as a rate of $40 for each day the witness gave testimony at a trial or deposition.") (citations omitted). The subsistence and travel costs are supported by documentation and in accordance with applicable GSA per diem and mileage rates. Dkt. No. 72-1 at ¶¶ 13–20, 22–24; Dkt. Nos. 72-7, 72-8, 72-9, 72-10, 72-11; *see also* Guidelines § II(F)(1). Defendant's request for costs in the amount of $1,219.94 for witness fees is thus granted.

### 3. Exemplification and copying fees

Defendant requests $295.50 in fees for exemplification and copying related to certain medical records and preparing trial exhibits for the Court's use. Dkt. No. 72 at 1; Dkt. No. 72-1 at ¶¶ 25–28; *see also* Guidelines § II(H)(1)(a), (c), (g); *Encarnacion v. Spinner*, No. 15-cv-1411, 2023 WL 2785745, at *7 (N.D.N.Y. Apr. 5, 2023) (noting that "[c]ourts interpret [28 U.S.C. § 1920(4)] to include photocopying charges for discovery") (alterations in original) (quoting *Green*, 2019 WL 4508927, at *2); *Encarnacion v. Olivo*, No. 21-cv-986, 2024 WL 4651770, at *11 (N.D.N.Y. Nov. 1, 2024) ("The Court's Guidelines also allow '[c]opies directed by the Court' and '[a]ny courtesy copies required to be provided to the presiding judge' to be taxed.") (alterations in original) (quoting Guidelines II(H)(1)(a), (c)). Defendant has "provided sufficient information regarding the purpose of the copies" and the Court finds that they are necessary in this case. *Spinner*, 2023 WL 2785745, at *7 (quoting *Green*, 2019 WL 4508927, at *2). Defendant's request for costs in the amount of $295.50 for exemplification and copying fees is thus granted.

### 4. Docket fees

Defendant's request for $20.00 in docket fees is granted. Dkt. No. 72 at 1; Dkt. No. 72-1 at ¶ 29; *see also* 28 U.S.C. § 1923(a); Guidelines § II(I)(a).

### IV.   CONCLUSION

Accordingly, the Court hereby

8

**ORDERS** that Defendant's Motion, Dkt. No. 72, is GRANTED and Defendant is awarded $4,322.24 in costs; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 7, 2025
       Albany, New York

*Anne M. Nardacci*
Anne M. Nardacci
U.S. District Judge